THOMAS P. McKENNA v. WILLIAM P. MURPHY,
PROSECUTOR.

Submitted July 3, 1902—Decided November 10, 1902.

1. Where a justice of the peace is absent on the day to which a cause
   has been regularly adjourned, and thereby fails to make a further
   adjournment, he loses jurisdiction. This is not cured by an entry
   in the docket explaining his absence and adding that both parties
   assented between each other for a hearing on a future day named.
   The same result follows where an adjournment is made for more
   than thirty days without an affidavit and without consent.
2. The transcript of the justice is not evidence of anything that
   transpires out of court or not in the regular progress of a cause.

On *certiorari* to a Justice's Court.

Before Justices DIXON, HENDRICKSON and PITNEY.

For the prosecutor, *Thomas P. Fay.*

For the defendant, *Thomas P. McKenna.*

The opinion of the court was delivered by

HENDRICKSON, J.   This proceeding is brought to set aside
a judgment in a Justice's Court of Monmouth county obtained
in the absence of the defendant.   The ground is that, pending
the cause, the court had lost jurisdiction by irregular adjourn-
ments before the trial, and that the proceedings and judgment
were *coram non judice.*   The transcript shows that the return
day was May 16th, 1901, and that, after various adjournments
and delays, the judgment was entered on October 19th, 1901.
Without reciting in detail from the record the occurrences at
each of said adjournments, the following record appears under
the date of July 2d, 1901:  "The court unavoidably absent
and both parties assented with each other for a hearing on
July 9, 1901, same time and place."   It nowhere appears that
defendant appeared on July 9th, or afterwards, before the

justice, although a number of adjournments are recorded as at request of plaintiff or to suit the convenience of the justice. There is an entry on October 8th, as follows: "At request of plaintiff adjourned the above case to October 19, at 10 o'clock A. M., and so notified defendant in writing."

The transcript is no evidence of what the parties may have assented to with each other when out of court. These docket entries are limited to certain objects named in the statute and to such proceedings as are had before the justice touching the suit. *Gen. Stat., p.* 1888, ¶ 119. No sort of adjournment of the cause appearing by the docket as having occurred on July 2d, nor that this irregularity was afterwards cured by defendant's appearance pursuant to notice, or otherwise waived, it follows that the justice had no jurisdiction of the cause when he gave judgment. This conclusion is amply sustained in the following cases: *Woodworth* v. *Woolverton,* 4 *Zab.* 419; *Taylor* v. *Doremus,* 1 *Harr.* 473; *Allen* v. *Summit Board, &c.,* 17 *Vroom* 99; *Parker* v. *Mercantile Safe Deposit Co.,* 34 *Id.* 505. Also see *Vandervoort* v. *Fleming, ante p.* 507.

Another irregularity is shown, which must produce a like result. The justice adjourned the cause beyond thirty days, without affidavit and, so far as appears, without consent of the defendant. The result of this, also, would be a loss of jurisdiction. *Taylor* v. *Doremus, supra; Savage* v. *Collins,* 20 *Vroom* 167. The judgment below must be set aside, with costs.